[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed for a dissolution of her marriage with the defendant. Based upon the evidence presented, the court finds the following facts.
The plaintiff and the defendant married on September 3, 1993. Although the parties were married only a short time, their relationship has been a substantial one as they began living together in 1983.
The parties have continuously resided in the state of Connecticut for at least twelve months prior to the bringing of this action. The marriage has broken down irretrievably. There CT Page 8169 are no minor children who are issue of the marriage. Since her separation from the defendant, the plaintiff has given birth to a child, whose father is not the defendant.
The plaintiff is thirty-six years old. She is a citizen of the Netherlands who came to the United States with her family when she was seven years old. She is a high school graduate and has taken courses at Paier College of Art. The plaintiff is currently employed full time as a photographer at Yale University. She presently earns a net weekly income of $367 from employment. She also receives rent in the amount of $150 weekly from the father of her child who currently lives with her.
The defendant receives social security disability payments as a result of injuries he incurred from two automobile accidents in 1988. He is a stonemason by trade and had his own masonry business from 1986 until 1992. In 1996, the defendant received a bachelor of fine arts degree from Paier College of Art. He will begin taking courses in the fall for his master's degree at Southern Connecticut State University. He also teaches part-time in an after school program in the town of Hamden. His net weekly income is $251.
The plaintiff and the defendant are joint owners of the marital home located at 1030 Main Street in Hamden, Connecticut. The present fair market value of the property is $122,000. The property is encumbered by a mortgage with a balance owing of approximately $96,000.
The parties' interests diverged during the course of the marriage and the court finds that neither party is singularly at fault for the breakdown of the marriage.
The financial issues in dispute in the dissolution are limited. Neither party is seeking alimony from the other. The primary controversy concerns ownership of the marital home. Each party claims that they should be awarded sole ownership of 1030 Main Street in Hamden. The contested issues also involve return of personal property and payment of the defendant's medical insurance.
The plaintiff's parents bought 1030 Main Street in Hamden in 1977. The plaintiff resided there with her family during high school and college. She returned with the defendant to live with her mother in 1987. In 1990, the plaintiff and the defendant CT Page 8170 bought the property from the plaintiff's mother. The purchase price was $140,000. The defendant contributed $30,000 toward the down payment and the plaintiff's mother gave the parties a seller financed mortgage in the amount of $110,000.
The parties spent considerable time at trial, as evidenced by the submission of 481 personal checks as exhibits, contesting the issue of who paid the household expenses. The court finds that, after purchasing the property, the parties shared the cost of the mortgage, taxes and other household expenses.
The plaintiff has been living alone in the home since November 1995, when she was awarded exclusive use of the property by the court pendente lite. Since then, the plaintiff has been solely responsible for the payment of the mortgage, taxes and upkeep of the property.
Substantial improvements were made to the property during the parties' stay there. The basement was completely renovated, a porch was converted into a sun room, and the family room was substantially refurbished. Most of the renovation work was performed by a close friend of the plaintiff's mother. Much of the building materials was also paid for by the plaintiff's mother. The court does not credit the defendant's testimony as to the repairs undertaken by him or the amount of funds expended by him for the renovations.
In determining the orders contained herein, I have carefully considered all the relevant statutory criteria, including those contained in General Statutes § 46b-81 as they relate to the assignment of property and § 46b-82 as they relate to the award of alimony. The court enters the following orders:
1. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
2. Neither party is awarded alimony.
3. Each party is awarded the entire right, title and interest in the bank accounts presently in his or her possession.
4. Each party is awarded sole ownership of the automobile currently in his or her possession.
5. The plaintiff is awarded the entire right, title and CT Page 8171 interest in the marital home located at 1030 Main Street, Hamden, Connecticut. The defendant shall quitclaim his interest in the property to the plaintiff within two weeks of the date of this decision. The plaintiff shall be solely responsible for the payment of the mortgage, taxes and other expenses associated with the property. The plaintiff shall hold the defendant harmless and indemnify him with respect to the mortgage.
6. The plaintiff shall pay the defendant thirteen thousand dollars ($13,000), which represents one-half of the present net equity in the marital home, as a property distribution. This sum shall be paid in two equal installments. The first payment shall be made by the plaintiff by December 31, 1997 and the final payment by June 30, 1998.
7. Each of the parties shall retain the personal property currently in his or her possession except that the plaintiff shall return the tile, marble, art supplies and equipment highlighted on defendant's exhibit 15 within two weeks of the date of this decision. The plaintiff is also specifically awarded sole ownership of the one and one-half karat diamond ring and the Nikon F3 camera.
8. Each of the parties shall be responsible for paying his or her own counsel fees.
Jon M. Alander, Judge